IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT C. MORRIS #1311083 | § | |
| v. | § | CIVIL ACTION NO. 6:09cv236 |
| ELIZABETH CROSS, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Robert Morris, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

An evidentiary hearing was conducted, after which all of the Defendants except for three were dismissed. The three remaining Defendants are Sherri Milligan, Elizabeth Cross, and Chris Agapiou. Morris contended that legal and personal property belonging to him was confiscated in retaliation for his having brought suit in state court against Milligan and other prison officials.

The remaining Defendants were ordered to answer the lawsuit and filed a motion for summary judgment. After review of this motion and the Plaintiff's response, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and the lawsuit dismissed. The Magistrate Judge noted that although Morris contended that the confiscation of the property was retaliatory, Morris conceded that the property did not fit into the sizing box, which is used to measure whether or not property fits within the 2.0 cubic feet of storage space allowed by TDCJ regulations. The Magistrate Judge cited Fifth Circuit decisions in which claims of retaliation

were rejected because there were other, non-retaliatory reasons for the acts claimed as retaliation, and stated that in the same way, Morris had failed to show causation - that but for the alleged retaliatory motive, the actions complained of would not have occurred.

The Magistrate Judge also noted that Morris argued that he could prove his claims through additional discovery, but rejected this contention on the basis that Morris had failed to show that the requested discovery could amount to anything more than a fishing expedition. Because Morris did not show how additional discovery could establish a genuine issue of material fact, and offered only vague and general assertions that additional discovery was necessary, the Magistrate Judge concluded that this claim did not offer any valid basis for opposing summary judgment. Finally, the Magistrate Judge determined that the Defendants were entitled to the defense of qualified immunity.

Morris filed objections to the Magistrate Judge's Report on January 12, 2011. In his objections, Morris says that he has identified the documents which he needs to prove his claim, but that he has been denied adequate discovery. He says that discovery would also permit him the opportunity to get affidavits from witnesses which would support his claims.

In his response to the motion for summary judgment, Morris says that through discovery, he can show that no other inmate on his housing wing had property confiscated or had to place property in the sizing bin. He also says that discovery will show that the property which was confiscated from him was not a "large volume" and that most of it was consumable and would have been gone in a few days or weeks.

Thus, the documents which Morris has identified as those which would have proved his claims are documents which show that no other inmate on his wing had property confiscated or had to put his property into a sizing bin, as well as documents showing the items taken from him. Even if Morris was the only inmate whose property was searched - which would mean that the Defendants conducted a unit shakedown and brought dozens of inmates to the gym for the sole purpose of searching Morris' property - this still does not show causation so as to support a constitutional claim of retaliation. Morris conceded that his property did not fit in the sizing box. He does not argue in

his objections that his property would fit in the sizing box; instead, he tacitly acknowledged that it did not, by stating that much of it would have been gone in a few days.

In Puckdeesri v. Lopez, 110 Fed.Appx. 396, 2004 WL 2244191 (5th Cir., October 1, 2004), as the Magistrate Judge said, the plaintiff Udom Puckdeesri said that the defendant prison officials had confiscated and destroyed legal papers and court records in retaliation for his complaining about a correctional officer. The Fifth Circuit upheld the dismissal on the ground that Puckdeesri had not shown causation, explaining as follows:

> Because Puckdeesri has not shown that his property was not seized and destroyed for the legitimate reasons given in the confiscated property form, i.e. that because the property was improperly stored in excessive amounts and because the property had to be given to a visitor in 60 days or it would be destroyed, Puckdeesri cannot show that, but for the alleged retaliatory motive, his property would not have been seized and destroyed.

Similarly, in the present case, Morris has not shown that his property was not seized for the reason given on the property form, which was "unable to store," meaning that the amount of property could not be stored in the 2.0 cubic feet allotted as storage space. *See also* McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998) (claim of retaliation for denial of access to the law library held without merit because a valid non-retaliatory reason existed for the denials). Whether or not anyone else's property was seized, or even searched, would not change the fact that Morris' property exceeded the prescribed limit, and could be seized for that reason absent a retaliatory motive. Morris' objections that he was denied discovery, and that he did not meet the causation element, are without merit.

In his third objection, Morris asserts that the Defendants are not entitled to qualified immunity. He says that the Defendants "injected themselves into the search of his property without request from officers conducting search, in order to harass and retaliate." In his original complaint, however, he says that Milligan had a table on which she was conducting searches, and that he was directed to go there. Morris has not shown that the conduct of the Defendants was unreasonable in

light of existing clearly established law. His objection regarding qualified immunity is without merit.

Finally, Morris argues generally that summary judgment should not be granted because there is a genuine issue of material fact. He refers to another inmate, Earnest King, whom he says could testify that the Defendants intended to harass Morris by confiscating his property in retaliation for his having filed a lawsuit. Morris indicates that King overheard a discussion and told Morris about it once they returned to the cell block; however, he offers nothing from King to substantiate this. In any event, even if King were to testify as Morris says that he would, this does not change the fact that Morris cannot show that his property was confiscated for the non-retaliatory reason that it exceeded space limitations.

As the Magistrate Judge stated, the Fifth Circuit has held as follows:

> The prospect of endless claims of retaliation on the part of inmates would disrupt prison officials in the discharge of their most basic duties. Claims of retaliation must therefore be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions.

Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). The Fifth Circuit added that district courts must "carefully scrutinize" claims of retaliation in order to ensure that prisoners do not "inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around themselves." Woods, 60 F.3d at 1166; *accord*, Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990) (noting that "while a prisoner can state a claim of retaliation by alleging that disciplinary actions were based upon false allegations, no claim can be stated when the alleged retaliation arose from discipline imparted for acts that a prisoner was not entitled to perform."). The Eighth Circuit went on to say that any other rule would allow a prisoner to openly flout prison regulations after filing a grievance and then bring a claim under Section 1983 arguing that prison officials disciplined him in retaliation for filing a grievance. Orebaugh, 910 F.3d at 528. In the same way, while Morris has the right to file grievances and lawsuits against prison officials, he cannot thereafter flout prison property regulations and then claim that the confiscation of his property was retaliation for his

lawsuits and grievances, rather than the enforcement of these regulations; he cannot insulate himself from the prison property regulations by drawing about himself the shield of retaliation. Morris' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and testimony in this cause, including the summary judgment motion and the response thereto, the competent summary judgment evidence, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 34) is GRANTED and that the above-styled civil action is hereby DISMISSED with prejudice, with the exception that any claims arising out of the incidents of January 2010, in which Cross and Milligan allegedly confiscated property as an act of retaliation, are dismissed without prejudice. It is further

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 1st day of February, 2011.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE